UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

LAMARIO CONTRELL AVERHART                                                                  Plaintiff

v.                                                                       Civil Action No. 3:22-CV-P559-RGJ

JERRY COLLINS, *et al.*                                                                Defendants

\* \* \* \* \*

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on initial review of Plaintiff LaMario Contrell Averhart's *pro se* Complaint [DE 1] and Amended Complaint [DE 8] pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the Court will allow some claims to proceed and dismiss all others.

### I. STATEMENT OF CLAIMS

Plaintiff, a pretrial detainee incarcerated in Louisville Metro Department of Corrections ("LMDC"), brings suit pursuant to 42 U.S.C. § 1983. In the Complaint and Amended Complaint, Plaintiff names as Defendants Jerry Collins, LMDC Director; Teresa Wallace, Director of Well Path Health Services ("Well Path"); Well Path; and R. Stone, Well Path Nurse Practitioner. He sues Defendants Collins, Wallace, and Stone in their individual and official capacities.

As his Statement of Claims, Plaintiff first alleges, with respect to Defendant Collins, as follows:

> On or about 7-19-2022, I . . . was written a disciplinary for not wanting to put my life in danger by checking out of dorms that I recieved death threats in. All of my property was taken and I was denied the rights of other imates. On 7-22-2022 I was found guilty of disciplinary and sentenced to 20 days of disciplinary segregation. The Defendant, Jerry Collins, notified me that I will continue to recieve disciplinaries every time I refuse to put my life in jeopardy. I was transferred to another dorm H5-7D on 7-22-22. On 7-26-22 I was attacked by an inmate. I notified the Defendant of the attack and told them that I needed urgent care because I felt my jaw was broken. I was refused medical attention. The defendant refused to check into the matter of my attack. I was told to just deal with

> it. On 8-29-22 at 4:35 am, I was attacked by two inmates. The Defendant saw the attack and took the inmates away. However, hours later, the Defendant brought the i[n]mate back and I was attacked again by the same inmate. This time, I was sent to the hospital where I recieved stichurs and was informed that I wes still suffering from the previous attack on 7-26-22. My jaw was broken, and there was nothin that could be done because of how old the wound was. I was brought back and was attacked two more times the same day on 8-30-22. I believe that from the facts listed above, my 4th, 5th, 6th, 8th, and 14th Constitutional amendments were violated by the Defendant Jerry Collins.

[DE 1, pp. 4-5].

Next, with respect to Defendant Wallace, Plaintiff alleges:

> On 7-26-22 I . . . had an appointment to have blood drawn and an X-Ray. I notified the Defendant, Teresa Wallace, of an[] injury I recieved earler that day. The Defendant took X-Rays of my jaw. My X-Rays were returned 7-30-22 stating that my jaw was broken. The defendant did nothing. Every day I asked, petitioned, and requested help for medical assistance and was refused. I saw a doctor on 8-18-22. He ordered 2 sets of X-Rays both saying the same thing, my jaw is broken. The Defendant refused to do anything. On 8-29-22 I was sent to the hospital and it was discovered again that my jaw was broken. By this time the doctors at UofL stated that thy will have to rebreak my jaw before it will heal because of how long the defendant waited. On 9-9-2022 I went to get a cat scan. The cat scan revealed what the first X-Ray revealed, my right jaw is broken. This day 10-16-22, the defendant still refuse to give me proper treatment. The above facts is a violation of my 14th amendment.

*Id.* at 5.

Finally, regarding Defendant Stone, Plaintiff contends:

> On or about 7-26-2022, Nurse Practitioner R. Stone was notified of an injury that the plaintiff has recieved. However, R. Stone failed to even acknowledge the plaintiff or his injury that needed immediate emergency medical attention. On 7-29-2022 Plaintiff complained again to R. Stone that he couldn't eat and needed to be placed on a liquid diet because he felt his jaw was broken. Again, R. Stone failed to see or take action. Plaintiff submitted request after request to R. Stone to the be seen only to be denied the medical treatment that he needed. This denial continued until 8-29-2022 in which Plaintiff was hospitalized for other injuries. During this hospitalization the plaintiff discovered that his jaw was broken from his injury on 7-26-2022 and was turned back over to the care of R. Stone who continued to do nothing even after being informed by the doctors of the hospital. It wasn't until 9-5-2022 that a circuit court judge ordered for the plaintiff to be seen by R. Stone that something was done. On 9-9-2022 R. Stone sent plaintiff to the

hospital for a cat scan, only to realize what was already known; the plaintiff has a broken jaw.

[DE 8, pp. 4-5].

As relief, Plaintiff seeks monetary and punitive damages.

## II.  LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A.  Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).  Although this Court recognizes

that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III.  ANALYSIS

**A.  Official-Capacity Claims and Claims Against Well Path**

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)).  Thus, Plaintiff's official-capacity claims against Defendant LMDC Director Collins are actually brought against the Louisville Metro Government, and his official-capacity claims against Well Path Defendants Wallace and Stone are actually against Well Path.

The Sixth Circuit has held that the same analysis that applies to § 1983 claims brought against municipalities, like the Louisville Metro Government, applies to private entities contracted to provide medical services to inmates, like Well Path.  *See, e.g.*, *Parsons v. Caruso*, 491 F. App'x 597, 609 (6th Cir. 2012) (recognizing that a "*Monell* custom or policy claim" can be brought under § 1983 against a private corporation that provides medical care to inmates); *see also Braswell v. Corr. Corp. of Am.,* 419 F. App'x 622, 627 (6th Cir. 2011) (applying *Monell*'s municipal liability standard to the private corporation that had been contracted to operate a jail) (citing *Street v. Corr. Corp. of Am.*, 102 F. 3d 810, 814 (6th Cir. 1996)).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights*, *Tex.*, 503 U.S. 115, 120 (1992). The Court need only address the second prong here.

"A municipality may not be held liable under § 1983 on a respondeat superior theory—in other words, 'solely because it employs a tortfeasor.'" *D'Ambrosio v. Marino*, 747 F.3d 378, 388-89 (6th Cir. 2014) (quoting *Monell*, 436 U.S. at 691). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in original). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body [or entity] under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Here, Plaintiff has not pleaded facts sufficient to state a plausible *Monell* claim. None of the allegations in the Complaint or Amended Complaint demonstrate that any alleged wrongdoing or injury occurred as a result of a policy or custom implemented or endorsed by the Louisville Metro Government or Well Path. Plaintiff, therefore, fails to establish a basis of liability against them and fails to state a cognizable § 1983 claim. Consequently, Plaintiff's official-capacity

5

claims against Defendants Collins, Wallace, and Stone and all claims against Well Path will be dismissed for failure to state a claim upon which relief may be granted.

### B. Individual-Capacity Claims

#### 1. Defendant Collins

Plaintiff alleges that Defendant Collins failed to protect him from inmate assaults and refused him medical treatment. He asserts that Defendant Collins violated the "4th, 5th, 6th, 8th, and 14th" Amendments to the U.S. Constitution.

##### a. Fourth, Eighth, and Fourteenth Amendments

"Fourth Amendment protections apply for 'one who has been arrested but has not yet received a judicial determination of probable cause, either through an arrest warrant or a post-arrest probable cause hearing.'" *Colson v. City of Alcoa, Tenn.*, 37 F.4th 1182, 1187 (6th Cir. 2022) (citing *Aldini v. Johnson*, 609 F.3d 858, 866 (6th Cir. 2010)). "[O]nly those individuals who have been formally convicted of a crime may seek protection under the Eighth Amendment." *Irvin v. Clarksville Gas & Water Dep't*, No. 3:11-CV-00529, 2011 WL 3565248, at *8 (M.D. Tenn. Aug. 12, 2011), *report and recommendation adopted* No. 3-11-0529, 2011 WL 3897801 (M.D. Tenn. Sept. 6, 2011); *see also Brown v. Slaubaugh*, No. 3:18-CV-P762-RGJ, 2021 WL 3754553, at *2 (W.D. Ky. Aug. 24, 2021). "Under the Due Process Clause [of the Fourteenth Amendment], a [pretrial] detainee may not be punished prior to an adjudication of guilt in accordance with due process of law." *Almighty Supreme Born Allah v. Milling*, 876 F.3d 48, 55 (2d Cir. 2017) (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)).

Because Plaintiff indicates that he is a pretrial detainee, neither the Fourth nor Eighth Amendment applies to him, and claims brought under those Amendments will be dismissed for failure to state a claim upon which relief may be granted.

The Fourteenth Amendment is applicable, however. To establish deliberate indifference for failure to protect under the Fourteenth Amendment, "'a defendant officer must [1] act intentionally in a manner that [2] puts the plaintiff at a substantial risk of harm, [3] without taking reasonable steps to abate that risk, [4] and by failing to do so actually cause the plaintiff's injuries.'" *Stein v. Gunkel*, 43 F.4th 633, 639 (6th Cir. 2022) (quoting *Westmoreland v. Butler Cnty.*, 29 F.4th 721, 729 (6th Cir. 2022)).[1]

On initial review, the Court finds that Plaintiff has stated plausible Fourteenth Amendment claims of failure to protect and refusal of medical attention against Defendant Collins in his individual capacity and will allow those claims to proceed.

### b. Fifth and Sixth Amendments

Under the Fifth Amendment:

> No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

U.S. Const. amend. V.

Under the Sixth Amendment:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

U.S. Const. amend. VI.

---

[1] *See infra* Section III(B)(2) for standard for Fourteenth Amendment claim of deliberate indifference to a serious medical need.

Plaintiff fails to state any plausible claims against Defendant Collins under either the Fifth or Sixth Amendment. The Court has already determined that the Due Process Clause of the Fourteenth Amendment applies to his claims against Defendant Collins. To the extent Plaintiff may be attempting to assert a due process violation under the Fifth Amendment, "the Fifth Amendment's Due Process Clause circumscribes only the actions of the federal government." *Scott v. Clay Cnty., Tenn.*, 205 F.3d 867, 873 n.8 (6th Cir. 2000). Because Plaintiff is not suing the federal government, the Fifth Amendment does not apply.

Accordingly, the Fifth and Sixth Amendment claims will be dismissed for failure to state a claim upon which relief may be granted.

**2.  Defendants Wallace and Stone**

Plaintiff alleges that he was denied medical treatment by these Defendants in violation of the Fourteenth Amendment. To demonstrate deliberate indifference to a serious medical need under the Fourteenth Amendment, a pretrial detainee "must show (1) that [he] had a sufficiently serious medical need and (2) that each defendant 'acted deliberately (not accidentally), [and] also recklessly in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Helphenstine v. Lewis Cnty.*, No. 22-5407, __ F.4th __, 2023 WL 1859890, at *5-6 (6th Cir. Feb. 9, 2023) (quoting *Brawner v. Scott Cnty.*, 14 F.4th 585, 596 (6th Cir. 2021)) (internal quotation marks omitted). The Court finds that Plaintiff has stated plausible Fourteenth Amendment claims of deliberate indifference to his serious medical needs and will allow those claims to continue against Defendants Wallace and Stone in their individual capacities.

## IV. CONCLUSION AND ORDER

For the foregoing reasons, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** as follows:

1) Plaintiff's claims against Well Path and his official-capacity claims against Defendants Collins, Wallace, and Stone are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

2) Plaintiff's Fourth, Fifth, Sixth, and Eighth Amendment claims against Defendant Collins are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

3) As all claims against Well Path have been dismissed, the Clerk of Court is **DIRECTED to terminate** Defendant Well Path as a party to this action.

4) The Court will enter a separate Service and Scheduling Order to govern the development of the remaining claims, *i.e.*, the Fourteenth Amendment failure-to-protect claim against Defendant Collins in his individual capacity and the Fourteenth Amendment denial-of-medical-treatment claims against Defendants Collins, Wallace, and Stone in their individual capacities. In allowing these claims to continue past initial review, the Court expresses no opinion on their ultimate merit.

Date: March 2, 2023

Rebecca Grady Jennings, District Judge
United States District Court

cc: Plaintiff, *pro se*
Defendants
Jefferson County Attorney
A961.005