UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:22-CV-00559-CRS

LAMARIO AVERHART                                                                               PLAINTIFF

v.

JERRY COLLINS, *et al*                                                                         DEFENDANTS

## MEMORANDUM OPINION

This matter is before the court on summary judgment motions filed by defendant Jerry Collins (DN 34) and by defendants Teresa Wallace and Renesha Stone (DN 44) (collectively, the "Defendants"). Plaintiff has filed Responses to the motions, and Defendants have filed replies. Accordingly, Defendants' motions are ripe for review.[1] Because Plaintiff has failed to exhaust his administrative remedies, the court will grant Defendants' motions. Further, because the failure to exhaust is clear and dispositive, the court declines to reach the other grounds on which Defendants have moved for summary judgment.

## BACKGROUND

Plaintiff's lawsuit is a 42 U.S.C. § 1983 action and is based on failure-to-protect and lack-of-medical-treatment claims. As such, the claims are alleged violations of Plaintiff's Fourteenth Amendment rights. Defendant Collins is the director of the Louisville Metro Department of Corrections ("LMDC"). Defendants Wallace and Stone are employees of Wellpath Health Services ("Wellpath") – a private company which provides healthcare services to LMDC inmates and pretrial detainees. Defendant Wallace is the Director of Wellpath, and defendant Stone is a

---

[1] Plaintiff filed a motion for leave to withdraw his original response to Wallace and Stone's summary judgment motion (DN 43) and then submitted a "Re-filed response", DN 44.  The Court has considered the re-filed response brief and exhibits thereto and will grant Plaintiff's motion to file it by separate order.

Nurse Practitioner. Plaintiff has sued Collins for the alleged failure to protect him from being attacked by other LMDC inmates, and he has sued Collins, Wallace and Stone for the alleged failure to treat a broken jaw.

In short, Plaintiff alleges that as a result of inmate attacks, he suffered a broken jaw which defendants Collins, Wallace and Stone failed to treat: "On 7-26-22 I was attacked by an inmate. I notified the Defendant[s] of the attack and told them that I needed urgent care because I felt my jaw was broken. I was refused medical attention." Complaint, DN 1 at § III. Statement of Claims, PageID# 4. Further, Plaintiff alleges that although he put defendant Collins on notice of threats to Plaintiff's safety, Collins ignored this warning and moved Plaintiff out of segregation and into a dorm where he was attacked:

> . . . the Defendant, Jerry Colins, was making segregation rounds with classification and other officers. The Plaintiff called Jerry Collins to his door and informed him (Collins) that; [sic] because of the nature of Plaintiff's crime, he (Plaintiff) doesn't feel safe in a population setting and that he (Plaintiff) was recieving [sic] death threats and being attacked in every dorm. . . . Jerry Collins disregarded the Plaintiff's pleas and had the plaintiff moved from out of disciplinary segregation and placed in dorm H5-7D the same day.
>
> On 7-26-22, Plaintiff was attacked by an inmate.

Plaintiff's Pretrial Memorandum, DN 29 at PageID# 120.

Prior to the attacks, according to Plaintiff, he was "checking out of dorms" and on or about July 19, 2022, "was written a disciplinary for not wanting to put my life in danger." Complaint, DN 1 at PageID# 4-5; *see also* Plaintiff's Pretrial Memorandum at PageID# 120 ("Plaintiff . . was written a disciplinary for checking out of dorms that he received death threats in."). Similarly, according to the LMDC Inmate Disciplinary Report, Plaintiff "stated he's tired of his life being threatened, and that's the reason he checks out." Report, DN 34-4 at PageID# 188. These self-checkouts violated LMDC's rules and Plaintiff was written up for having "refused multiple

housing areas." *Id.* According to the LMDC Report, Plaintiff pleaded guilty to this charge. *Id.; see also* Affidavit of Officer Donald Miller at ¶ 3 ("Mr. Averhart pled guilty to the disciplinary infraction of refusing housing without cause . . . ."). Plaintiff did not attempt to reopen the disciplinary process by appeal or otherwise.[2]

As for his broken jaw, Plaintiff did not file a grievance about the alleged failure to treat it, much less a grievance that named either Collins, Wallace or Stone. Defendant Collins collected and provided certified copies of all the grievances Plaintiff filed. *See* DN 34-7. Plaintiff has not submitted any evidence of any additional grievances in response to either Collins's motion or the motions filed by Wallace and Stone. Thus, the record before the court shows that Plaintiff did not file grievances against any of the defendants with respect to his broken jaw. The same is true with respect to Plaintiff's allegation that defendant Collins failed to protect him from inmate attacks.

## ANALYSIS

Plaintiff's failure to file grievances related to his claims in this case and his having forgone appealing the disciplinary infraction means that Plaintiff failed to exhaust his administrative remedies. Defendants are entitled to a summary judgment as a result.

### A. Summary Judgment Standard

Summary judgment is proper where the court finds that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law. FED. R. CIV. P. 56. The moving party bears the initial burden of identifying the portions of the record that show the absence of a material fact and the legal basis for his motion. *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party has met this burden, the non-moving party must produce

---

[2] Plaintiff asserts that "he was found guilty." Response, DN 45 at PageID# 335. However, even if he were, Plaintiff did not appeal. As explained below, that failure is fatal to any claim which Plaintiff is basing on the events leading to the disciplinary report.

3

specific facts which demonstrate that there is a genuine dispute of material fact that requires a trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

To make the requisite showing of disputed material fact(s), the non-moving party must come forward with admissible evidence such as depositions, answers to interrogatories and admissions on file. *Laster v. City of Kalamazoo*, 746 F.3d 714, 726 (6th Cir. 2014) (citing *Celotex*, 477 U.S. at 324). Further, the non-moving party must do more than "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252.

The record evidence must be construed in a light most favorable to the party opposing the motion. *Bohn Aluminum & Brass Corp. v. Storm King Corp.*, 303 F.2d 425 (6th Cir. 1962). Nonetheless, a "complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial" and entitles the non-moving party to a judgment as a matter of law. *Celotex*, 477 U.S. at 323.

Moreover, the fact that a plaintiff is *pro se* does not lessen his obligations under Rule 56. *Viergutz v. Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010) ("status as a pro se litigant does not alter" Rule 56 burden of showing a genuine dispute for trial). Similarly, the "liberal treatment of pro se pleadings does not require the lenient treatment of substantive law, and the liberal standards that apply at the pleading stage do not apply after a case has progressed to the summary judgment stage." *Johnson v. Stewart*, No. 08-1521, 2010 U.S. App. LEXIS 27051, at *6–7 (6th Cir. May 5, 2010) (citations omitted).

## B. The Exhaustion Requirement

The Prison Litigation Reform Act requires prisoners to exhaust their available administrative remedies before filing suit in federal court: "No action shall be brought with respect to prison conditions under section 1983 of this title, or under any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of . . . violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1997e(h).

"Because exhaustion requirements are designed to deal with parties who do not want to exhaust, administrative law creates an incentive for these parties to do what they would otherwise prefer not to do, namely, to give the agency a fair and full opportunity to adjudicate their claims. Administrative law does this by requiring proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits).'" *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (citation omitted). Thus, the allegations in the grievance must give "sufficient notice of the matter being grieved." *Maxwell v. Corr. Med. Servs., Inc.*, 538 F. App'x 682, 688 (6th Circ. 2013) (citing *Reed-Bay v. Pramstaller*, 603 F.3d 322, 325 (6th Cir. 2010)). To that end, "'the content of the grievances must be adequate,'" and "'a grievance must identify each defendant eventually sued' and must allege misconduct by each defendant.'" *Bell v. Konteh*, 450 F.3d 651, 653–54 (6th Cir. 2006) (citation omitted).

Further, "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing

5

orderly structure on the course of its proceedings." *Id.* Thus, to "exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), *cert. denied* 537 U.S. 949 (2002). Finally, Plaintiff "cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies . . . ." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999).

C. **The Administrative Review Processes Available to Plaintiff**

LMDC Policy 03-4.02 provides that inmates who are written up for a rule violation are entitled to an independent review of the alleged infraction and a hearing: "This policy provides the guidelines for resolving inmate infractions, to include a written statement of the rule violated and a hearing and decision within seven (7) days, excluding weekends and holidays, by a person not directly involved in the rule violations." LMDC Policy 03-4.02. at § VI, Protocol, DN 34-3 at PageID# 183. The hearing is held in front of a Disciplinary Officer who renders a decision of guilty or not guilty. *Id.* at § VI(G), PageID# 186. An inmate may appeal from the Disciplinary Officer's decision: "Inmates may appeal decisions of the Disciplinary Officer(s) to the Deputy director of Administrative and Support Services, as designated by the Director. *Id.* at PageID# 187. Or, an "inmate may plead guilty to a rule violation during the Disciplinary Hearing." *Id.* at § VI (H), PageID# 187. "By that plea, the inmate forfeits the right to appeal." *Id.*

LMDC Policy 03-5.02 provides inmates with a grievance process and procedure. *See* Policy, DN 34-6. Pursuant to that Policy, an LMDC inmate, like Plaintiff, can grieve "[h]ealth care concerns, not related to the specific treatment protocol of an inmate." *Id.* at § VI (A)(6), DN 34-6 at PageID# 193. Additionally, the Inmate Handbook provides that grievable issues include "[h]ealth care concerns." DN 46-1 at PageID# 350. LMDC Policy 03-5.02 also lists personal

6

needs, staff conflicts, personal action by staff, and LMDC policies and procedures as grievable issues. *See* DN 34-6 at § VI(A), Grievable Issues, PageID# 193.

## D. Plaintiff's Failure to Exhaust Administrative Remedies

### 1. Defendant Collins

Defendant Collins argues that Plaintiff did not exhaust his administrative remedies with respect to both of his claims against Collins, *i.e.,* the failure-to-protect claim and the failure-to-treat claim. More specifically, Collins asserts: "Plaintiff failed to appeal the disciplinary infraction he received in July of 2022, and Plaintiff filed no grievances addressing his concerns that he was not being properly protected at LMDC. Plaintiff also filed no grievances concerning his perceived lack of medical treatment." Motion, DN 34 at PageID# 160.

In response, Plaintiff asserts that the contrary is true: "First, plaintiff asserts that he did exhaust all Administrative remedies, so that the court may have proper jurisdiction." Response, DN 45 at PageID# 335. In support, Plaintiff cites to his own Affidavit which he filed in support of his opposition to Collins's Motion. *Id.* (citing Exhibit 2 (DN 45-2)). That Affidavit states: "I exhausted any and all administrative remedies." *Id.* at ¶ 8, DN 45-2 at PageID# 341. Plaintiff did not submit any other evidence to support this conclusory statement. Such an unsupported, self-serving assertion is not enough to survive summary judgment. "Numerous courts have declared that self-serving affidavits without factual support in the record will not defeat a motion for summary judgment." *Reich v. City of Elizabethtown*, 3:16-CV-00429-RGJ, 2018 WL 6028719 at *5 (W.D. Ky. Nov. 16, 2018), *aff'd sub nom. Reich v. City of Elizabethtown, Kentucky*, 945 F.3d 968 (6th Cir. 2019) (collecting cases).[3]

---

[3] Plaintiff also cites to Exhibit 1 to his Response. Exhibit 1 is also an Affidavit by Plaintiff but it does not address exhaustion of administrative remedies. Instead, that Affidavit addresses Plaintiff's alleged inability to obtain and view a copy of a CD he believes will help his case on the merits.

7

In contrast, defendant Collins has submitted proof that Plaintiff did not exhaust his administrative remedies. Collins has submitted the Disciplinary Report and the Affidavit of Officer Miller to show that Plaintiff pleaded guilty to the charge of refusing housing, *i.e.* to checking himself out of the dorms, and did not appeal. *See* Disciplinary Report, DN 34-4 ; Miller Affidavit at ¶ 3, DN 34-5. Plaintiff has not controverted this evidence. Nor has Plaintiff produced proof that he filed an appeal or otherwise attempted to reopen the administrative review process. As noted above, Plaintiff has asserted that he "was found guilty." Response, DN 45 at PageID# 335. To the extent Plaintiff contests the assertion that he pleaded guilty, again, he has not offered any proof. Further, if he was found guilty, Plaintiff nonetheless needed to appeal to exhaust his administrative remedies. There is no record evidence that he did so.

Nor has Plaintiff demonstrated that he grieved Collins's alleged failure to provide him with medical treatment or failure to intervene to protect him from inmate attacks. Plaintiff's Affidavits do not speak to the filing of any grievances or to any appeals. Plaintiff has only his unsupported, blanket assertion that he exhausted his administrative remedies. Again, unsupported by any proof, this self-serving statement cannot rescue Plaintiff's claims against Collins.[4]

## 2. Defendants Wallace and Stone

Plaintiff asserts that both defendant Wallace and defendant Stone refused to provide any treatment for his broken jaw despite his complaints. According to Plaintiff, "defendant [Wallace] was informed and knew about Plaintiff's injuries, but did absolutely nothing," and "defendant [Stone] failed to take actions or provide medical treatment." Plaintiff's Pretrial Memorandum, DN 29 at PageID# 123. In defense, Wallace and Stone assert that "Plaintiff did not file any grievances

---

[4] Plaintiff also contends that he did not receive a copy of Collins's Motion. However, given that Plaintiff specifically addresses Collins's arguments with citations to the record, the court finds that Plaintiff did receive a copy of Collins's Motion. Also, because the court has considered all of Plaintiff's arguments and exhibits, any delay in Plaintiff's receipt has not resulted in prejudice to Plaintiff.

regarding the allegations against [them]." *Id.* at PageID# 239. Plaintiff has not controverted this assertion with proof to the contrary. Indeed, Plaintiff does not even assert that he filed a grievance against Wallace. Thus, the court finds that Plaintiff did not exhaust his administrative remedies with respect to defendant Wallace and she is entitled to a summary judgment on all claims asserted against her.

Similarly, Plaintiff has failed to meet his burden of proof to show that he filed a grievance against defendant Stone. While Plaintiff attached a Health Services Request allegedly signed by Stone,[5] that document is not a grievance and in no way does it evidence that he filed a grievance against Stone. *See* DN 44-8. Plaintiff also supplied his Affidavit wherein he avers that he "filed a grievance but the issue was declared non-grievable." DN 44-1 at ¶ 7, PageID# 320. Plaintiff did not attach a copy of this alleged grievance, and, again, his self-serving affidavit is not enough to defeat defendant Stone's motion. *Reich,* 2018 WL 6028719 at *5. This is particularly true here where the LMDC policies indicate that Plaintiff was permitted to grieve Stone's alleged failure to provide treatment, *i.e.*, "a health care concern," and/or the alleged finding that his complaint was not grievable, *i.e.* – a supposed policy/procedure that he could not file a grievance against Stone. Both health care concerns and LMDC policies/procedures are listed by the LMDC as grievable issues. *See* Policy 03-5.02, DN 34-6 at PageID# 193. Yet, there is no record evidence that Plaintiff took any such action.

Even if the Court were to assume that Plaintiff filed a grievance against Stone, Plaintiff neither asserts nor offers any proof that he appealed from that grievance. This too is fatal to his case against defendant Stone. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Woodford*, 548 U.S. at 90. Absent proof to the contrary, the

---

[5] The signature is not legible and there is no certification or other proof that Stone signed the document.

court finds that Plaintiff failed to exhaust his administrative remedies with respect to his claims against Stone. For this reason, Stone, like Collins and Wallace, is entitled to a summary judgment on all claims asserted against her.

## CONCLUSION

Defendants have set forth undisputed evidence showing that an administrative grievance process and disciplinary appeal process was available to Plaintiff. Defendants have also provided undisputed evidence showing that Plaintiff did not avail himself of that administrative process. As a result, Defendants have met their Rule 56 burden with respect to their lack-of-exhaustion defense.

Consequently, the burden shifted to Plaintiff to offer proof of facts to the contrary that raise a genuine issue of material fact for trial. Plaintiff has not met this burden because he has not set forth any significant evidence. His self-serving Affidavits and Health Services Requests and other medical records relating to injuries do not prove that he filed grievances, appealed them, or that he appealed the results of the disciplinary proceedings. Plaintiff's failure to come forward with such proof means that he failed to exhaust his administrative remedies and his claims cannot proceed. FED. R. CIV. P. 56; 42 U.S.C. § 1997e(a); *Woodford*, 548 U.S. at 90-91; *Bell*, 450 F.3d at 653–54 *Maxwell,* 538 F. App'x at 688; *see also Jones v. Bock,*, 549 U.S. 199, 218 (2007). Thus, the Court finds that Defendants' Motions for Summary Judgment (DN 34 and DN 38) must be granted. The court will enter a separate order and judgment contemporaneously with this Memorandum Opinion.

December 19, 2023

Charles R. Simpson III, Senior Judge
United States District Court

cc: Plaintiff, *pro se*
    Counsel of Record